**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARCIA COPELAND, M.D., <br><br> Plaintiff, <br><br> v. <br><br> WELLS FARGO, et al., <br><br> Defendants. | Civil Action No. 24-06565 (GC) (RLS) <br><br> **MEMORANDUM ORDER** |

**CASTNER, United States District Judge**

    **IT APPEARING** that Plaintiff, Marcia Copeland, has filed a complaint under the above caption, which names as defendants, among others, the Honorable Noel L. Hillman, United States District Court, District of New Jersey; and

    **IT FURTHER APPEARING** that:

a. On September 28, 2021, Judge Hillman enjoined Plaintiff "from filing any claims in this District regarding the subject matter of her prior cases," including the subject matter litigated in *Copeland v. US Bank Cust PCF Sterling National*, Civ. No. 20-07016, 2021 WL 2134942 (May 26, 2021) ("*Copeland VII*"), *see Copeland v. Township of Bellmawr*, Civ. No. 18-10554, ECF No. 14 (the "Preclusion Order");

b. Plaintiff's claim against Wells Fargo in *Copeland VII* stemmed from the foreclosure of her property located in Pennsauken, New Jersey, and was dismissed for failure to state a claim, *see Copeland*, 2021 WL 2134942, at *3;

c. All of Plaintiff's claims in the current action appear to relate to the foreclosure of the same property located in Pennsauken, New Jersey, and are therefore barred by Judge Hillman's Preclusion Order (ECF No. 1 at 4);

d. Local Civil Rule 41(g) provides that when a judge is named as a defendant, the case "shall be assigned to a Judge in a vicinage other than the vicinage where the defendant Judge maintains his or her permanent duty station," and that "if the assignee Judge determines that the suit is patently frivolous, or if judicial immunity is plainly applicable, the assignee Judge need not recuse";

e. Plaintiff alleges in Count Five of the current complaint that Judge Hillman violated "judicial Canon" when issuing the Preclusion Order because Judge Hillman engaged in "ex-parte discussions" through "telepathy" (ECF No. 1 at 4, 10);

f. Plaintiff does not plausibly allege any actions attributable to Judge Hillman that were "not taken in the judge's judicial capacity" or "actions, though judicial in nature, taken in the complete absence of all jurisdiction," *see Mireles v. Waco*, 502 U.S. 9, 11-12 (1991) (describing the two exceptions to judicial immunity);

g. Plaintiff's complaint is patently frivolous, and judicial immunity is plainly applicable;

h. Plaintiff did not respond to the Court's June 4, 2024 Order to Show Cause directing Plaintiff to advise within thirty days why this matter should not be dismissed for the foregoing reasons (ECF No. 4);

2

**IT IS** on this 8th day of July 2024 **ORDERED** as follows:

1. Plaintiff's complaint (ECF No. 1) is **DISMISSED**.

2. The Clerk's Office is directed to mail Plaintiff a copy of this Memorandum Order and **CLOSE** this case.

*Georgette Castner*
GEORGETTE CASTNER
UNITED STATES DISTRICT JUDGE